**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| CLAIMSOLUTION, INC.<br><br>Plaintiff,<br><br>v.<br><br>CLAIM SOLUTIONS GROUP, INC.<br>Serve Registered Agent:<br>Stuart J. Schwartz<br>11583 Ragusa Drive<br>Alta Loma, CA 91701<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:17-cv-2214 |

**COMPLAINT**

Plaintiff ClaimSolution, Inc., for its complaint against Defendant Claim Solutions Group, Inc., states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. ClaimSolution, Inc. is a Missouri corporation and registered as a Kansas foreign for profit-corporation. ClaimSolution, Inc.'s principal place of business is located at 10955 Lowell Ave, Ste 1007, Overland Park, Kansas 66210.

2. Claim Solutions Group, Inc., is a California corporation and its principal place of business is 8628 Hillside Road, Alta Loma, California, 91701.

3. The Court has subject-matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338, in that this case arises under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 *et seq*.

4. The Court has personal jurisdiction over Defendant because Defendant has engaged in acts or omissions within the State causing injury, has engaged in acts or omissions

outside this State resulting in injury within this State and has otherwise made or established contacts with this State sufficient to permit the exercise of personal jurisdiction.

5. This Court is a proper venue for resolving this dispute, pursuant to 28 U.S.C. § 1391(b), as (1) a substantial part of the events giving rise to this action occurred in Kansas or, in the alternative, (2) there is no district in which the action may otherwise be brought as provided in § 1391 and the Court has personal jurisdiction over Defendant.

## GENERAL ALLEGATIONS

### ClaimSolution, Inc.

6. Plaintiff ClaimSolution, Inc. ("CS") is in the business of insurance claims processing, and insurance claims administration.

7. CS provides insurance claims processing and administration services in connection with both commercial and personal lines of business. CS offers adjusting and appraisal services for insurance companies, fleet and self-insured entities.

8. CS has been operating in the insurance business since 1995 and has over 40 offices nationwide.

9. CS is the owner of the United States trademark CLAIMSOLUTION, Registration No. 3,324,297, registered October 30, 2007. CS began using the trademark CLAIMSOLUTION, in interstate commerce at least as early as January 1, 1999 in association with the sale of insurance claims processing and insurance claims administration services. The CLAIMSOLUTION trademark is live and enforceable, and meets the requirements of 15 U.S.C. §§ 1058 and 1065.

10. CS currently and continuously uses the trademark CLAIMSOLUTION in association with the registered goods and services in nationwide commerce and claims an actionable and protectable interest in the trademark. Substantial amounts of time, effort, and

money have been expended over the years by CS to ensure that the consuming public associates the CLAIMSOLUTION trademark exclusively with CS.

11. As a result of the care and skill exercised by CS in the sale of its services to consumers, the close supervision and control exercised by CS over the nature and quality of the services offered under the CLAIMSOLUTION trademark, and extensive advertising, sale, and public acceptance thereof, the CLAIMSOLUTION trademark has acquired immense goodwill throughout the United States and within this judicial district. As a result of its reputation for excellence, CS enjoys a substantial demand for its services.

**Claim Solutions Group, Inc.**

12. Defendant Claim Solutions Group, Inc. (hereafter "Defendant") is in the business of insurance claims processing and insurance claims administration.

13. Defendant assists insured individuals and companies with processing claims with their respective insurance company. In connection with this representation, Defendant offers integrated claims services, claims outsourcing and consulting services to help their client with all claim management needs.

14. According to Defendant's website, Defendant offers its services "throughout North America."

15. Defendant markets, showcases, advertises and promotes itself to the public as "Claim Solutions Group"

16. "Claim Solutions Group" is confusingly similar to CS's registered trademark CLAIMSOLUTION.

17. The similarity has and will cause market confusion. Customers of CS have been confused into believing that Defendant is associated with CS.

18. Since CS represents insurers in the claims process, while Defendant represents the insured in the claims process, CS's customers have and will be misled into believing that CS represents both sides of the transaction.

19. This confusion has resulted in CS's customers, which consist of insurance carriers, to withhold business from CS believing that CS operates a side business representing insured parties in claims against their respective insurance carriers.

20. At no time was Defendant authorized or given permission by CS to use its trademark.

21. On or about September 16, 2016, CS sent a letter notifying Defendant that it was infringing on CS's registered trademark. CS demanded that Defendant cease any further use of the registered trademark. Specifically, CS demanded that Defendant: (1) remove any confusingly similar marks from Defendant's website and any promotional material; and (2) cease use of the name "Claim Solutions Group" and any other confusingly similar marks in connection with its insurance claims processing business.

22. Defendant failed to comply and refused to stop its infringement on CS's registered trademark. Defendant continues to use "Claim Solutions Group" in connection with its insurance claims processing business.

**COUNT I**

**TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT 15 U.S.C. §1114(1)(A)**

23. CS incorporates the allegations in the preceding paragraphs of this Complaint.

24. CS is the owner of the trademark registration for CLAIMSOLUTION, issued by the United States Patent and Trademark Office on October 30, 2007.

25. CS began using the trademark CLAIMSOLUTION, in interstate commerce at least as early as January 1, 1999 in association with the sale of insurance claims processing and insurance claims administration services.

26. Defendant has continuously marketed, showcased, advertised and promoted its insurance services to the public using CS's registered trademark and without CS's authorization.

27. The unauthorized use of CS's registered trademark constitutes statutory trademark infringement under 15 U.S.C. § 1114(1)(a), as well as unfair competition.

28. Defendant has continued its infringement despite the constructive notice offered to a registered trademark under 15 U.S.C. § 1072, and actual notice by the letter it received from CS on September 16, 2016 notifying Defendant of the infringement of CS's registered trademark.

29. Defendant's unlawful conduct described above creates, and, unless enjoined by the Court will continue to cause confusion and mistake in the marketplace as to the source, endorsement, or sponsorship of Defendant's services and products, and the relationship or affiliation between Defendant and CS.

30. The goodwill and reputation of CS's business in connection with the CLAIMSOLUTION trademark is of significant valve, and CS will suffer irreparable injury should this Court allow Defendant's infringement to continue to the detriment of CS's trade reputation and goodwill.

**COUNT II**

**COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

31. CS incorporates the allegations in the preceding paragraphs of this Complaint.

32. CS began using the trademark CLAIMSOLUTION, in interstate commerce at least as early as January 1, 1999 in association with the sale of insurance claims processing and insurance claims administration services.

33. CS currently and continuously uses in commerce the trademark CLAIMSOLUTION to identify itself in the insurance marketplace.

34. The wrongful and unauthorized use by Defendant of words confusingly similar to the CLAIMSOLUTION trademark is likely to cause confusion or mistake or deception as to the source of Defendant's services and/or sponsorship or authorization of Defendant's services.

35. Defendant knew or should have known that its use of trademarks similar to the CLAIMSOLUTION trademark was likely to damage CS.

36. Defendant has infringed the CLAIMSOLUTION trademark, and has engaged in unfair competition.

37. Defendant's marketing and advertisements using "Claim Solutions Group" is likely to influence the purchasing decision of the intended audience.

38. Defendant has continued its infringement despite actual notice provided by the letter it received from CS on September 16, 2016 notifying Defendant of the infringement of CS's trademark.

39. Defendant's aforesaid actions constitute common law trademark infringement, and unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

40. As a proximate result of Defendant's acts as alleged herein, CS has suffered and will continue to suffer damage to its business, goodwill, reputation, and profits, for which CS is entitled to relief.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff CS prays for an order and judgment against Defendant on each count herein as follows:

1. Defendant and its agents, officers, employees, representatives and all other persons and entities acting for, with, by, through, or under the authority from Defendant, be enjoined permanently, from:

    a. Using the trademarks "ClaimSolution" and "Claim Solutions Group" and any other confusingly similar derivative of any of the trademarks/ tradenames in connection with services it offers in the insurance industry;

    b. Using the trademarks, service mark, name, email ID or domain name containing the trademark, in connection with services it offers in the insurance industry;

2. Defendant be ordered to remove from any websites under their control all references, direct or implied, to trademarks owned by CS;

3. Defendant be ordered to transfer ownership to CS, of all website domain names that are confusingly similar or identical to any domain name, or trademark owned by CS;

4. Defendant be awarded all damages caused by the acts forming the basis of this Complaint;

5. Defendants be ordered to pay to CS all costs and attorney's fees incurred during this litigation;

6. For an order requiring Defendant, pursuant to 15 U.S.C. § 1116, to file with this Court and serve upon CS within 30 days after the entry of the

injunction, a writing under oath setting forth in detail the manner and form in which they have complied with the injunction.

7. For an award to SC of its actual damages and all profits of Defendant attributable to Defendant's infringement of the CLAIMSOLUTION trademark.

8. For an order requiring Defendant to undertake corrective advertising acceptable to CS and to the Court, notifying the trade and public that Defendant's services are not rendered by, sponsored by, or affiliated with SC; and,

9. Any other relief allowed by applicable statute and as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all claims so triable. Plaintiff hereby designates Kansas City, Kansas as the place of trial.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as its place of trial.

Date: April 11, 2017

Respectfully submitted,

SPENCER FANE LLP

/s/ Nathan A. Orr

Nathan A. Orr KS #20183
Patrick J. McAndrews KS #27621
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106-2140
(816) 474-8100
(816) 474-3216 (facsimile)
norr@spencerfane.com
pmcandrews@spencerfane.com
*Attorneys for Plaintiff*
*ClaimSolution, Inc.*